UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____

IN RE:                                                    IN PROCEEDINGS UNDER CHAPTER 7

Jose A. Pacheco,                                   Case No. 10-32142-HJB

                Debtor(s)

_____

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOW COMES, **Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-3** its successors and/or assigns ("Secured Creditor") a secured creditor of the debtor, **Jose A. Pacheco** ("Debtor(s)"), and hereby requests this Honorable Court grant Relief from Automatic Stay.  The Secured Creditor holds a mortgage, by assignment, on the property located at **43 Hebron Street, Springfield, MA** (the "Property").  The Secured Creditor hereby requests relief from the automatic stay pursuant to 11 U.S.C. Section 362 (a) & (d) and Bankruptcy Rules 4001 (a) and Local Rule 4001-1.  In support of this Motion the Secured Creditor states as follows:

1. On **October 21, 2010** the Debtor filed a Chapter 7 Bankruptcy Petition, case number **10-32142-HJB.**

2. On **September 30, 2005** the Debtor granted a mortgage to Long Beach Mortgage Company which thereafter became JPMorgan Chase Bank, National Association, Successor in interest from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank f/k/a Washington Mutual Bank F.A. successor in interest to Long Beach Mortgage Company by Operation of Law against the Property, which mortgage is recorded in the **Hampden County** Registry of Deeds in Book **15386,** Page **252.**  (the "Mortgage") (Exhibit 1).

3. The Mortgage secures a promissory note in the original principal sum of **$128,000.00** dated **September 30, 2005** (the "Note") (Exhibit 2).

4. The Mortgage and the Note were further assigned to the Secured Creditor (the "Assignment") (Exhibit 3).

5. No other collateral secures the Note and Mortgage.

6. The Debtor's current monthly payment is **$1,190.73,** due on the 1st day of each month and if not received by the 15th of the month, a late charge of **$31.80** is incurred.

7. The Debtor is 13 payments in arrears from **November 2009** to **November 2010**, the Debtor's arrearage is **$23,214.48:** which sum excludes, late charges, costs and fees.

8. As a matter of record, there are the following encumbrances against the Property:

   a. A Second Mortgage to Long Beach Mortgage Company dated September 30, 2005 and in the original principal amount of $32,000.00 and recorded in the aforesaid in Book 15386, Page 270.

   b. A Declaration of Homestead filed September 30, 2005 in said Registry Book 15386, Page 277.

9. The total owed the Secured Creditor is as follows:

   | | |
   |---|---|
   | Principal | $ 124,217.29 |
   | Interest | $ 12,471.82 |
   | Accumulated Late Charges | $ 482.10 |
   | Recording Fee | $ 75.00 |
   | Payoff/Fax Fee | $ 30.00 |
   | Foreclosure Fees (1/10) | $ 525.00 |
   | Foreclosure Costs (1/10) | $ 544.08 |
   | Foreclosure Fees (10/10) | $ 775.00 |
   | Foreclosure Costs (10/10) | $ 3,509.27 |
   | Property Inspection Fees | $ 163.85 |
   | Bankruptcy Fees and Costs | $ 700.00 |
   | Escrow | $ 5,217.51 |
   | Less Partial Balance | ($ 937.26) |
   | TOTAL BALANCE OWED: | $ 142,556.15 |

10. It is upon information and belief there are no outstanding real estate taxes &/or municipal charges.

11. The total owed against the Property is **$174,556.15**.

12. According to the Debtor's schedules, the fair market value of the Property is $100,000.00, using this value for purposes of this Motion only, the Secured Creditor asserts that the liquidation value of the Property at **$92,994.00** calculated at the Debtor's estimated fair market value less a reasonable realtor's fee of 6% ($6,000.00); deed stamps ($456.00) and costs incurred in a real estate closing ($550.00).

13. Section 362(d)(1) of the United States Bankruptcy Code provides that the Court may grant relief for cause. The term "cause" is not defined in the statute, but includes, among other things, the failure to make payments. The Secured Creditor is owed payments from **November 2009** to **November 2010**. **The Debtor's *Chapter 7 Individual Debtor's Statement of Intention* states the Debtor's intent is to surrender the Property.**

14. Based upon the above, the Secured Creditor, lacks adequate protection pursuant to 11 U.S.C. Section 362(d) (1) of the Bankruptcy Code as to the Property.

15. Based upon the above, there is insufficient equity pursuant to 11 U.S.C. Section 326(d)(2)(A) of the Bankruptcy Code as to the Property.

16. The Property is not necessary for an effective reorganization pursuant to 11 U.S.C. Section 326(d)(2)(B) of the Bankruptcy Code.

17. The Property is a burden to the Debtor's estate after taking into consideration the maintenance, costs of insurance, utilities, real estate taxes and the Secured Creditor's security is diminishing due to the Debtor's failure to make payments.

WHEREFORE, the Secured Creditor hereby prays that this Honorable Court grant as follows:

  1. Enter an Order granting the Secured Creditor, its successors and/or assigns, Relief from Automatic Stay and leave exercise its rights under the Mortgage against the property of the Debtor by means of foreclosures, deed in lieu, loan modification, summary process and/or eviction proceedings or any other means, all in accordance with applicable state and federal law;

2. Enter an Order requiring the Debtor to make adequate protection payments; and

3. Enter an order waiving the stay of relief pursuant to Federal Rule 4001(a)(3); and

4. Such further and other deems relief as this Honorable Court deems just and proper.

        Respectfully Submitted
        For the Secured Creditor,
        By its Attorneys


        /s/ Amy Lipman-White_____
        Amy Lipman-White (BBO#559230)
        Laura J. Adams (BBO # 655370)
        Stanton & Davis
        1000 Plain Street
        Marshfield, MA  02050
        (781) 834-9181
        alipmanwhite@stantondavis.com


Dated: December 3, 2010

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:  
Jose A. Pacheco,

        Debtor

IN PROCEEDINGS UNDER CHAPTER 7

Case No.  10-32142-HJB

## CERTIFICATE OF SERVICE

    I, Amy Lipman-White, Esq., hereby certify that I served the foregoing Motion for Relief from Automatic Stay, Exhibits, Proposed Order and Certificate of Service on December 3, 2010 by causing copies of the same to be sent accordingly via electronic mail or regular mail, first class postage prepaid, to the following:

**Electronic Mail Notice List**

- Joseph B. Collins-Tr    jcollins@hendelcollins.com, jcollins@ecf.epiqsystems.com;smello@hendelcollins.com
- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
- Amy Lee Lipman-White    alipmanwhite@stantondavis.com, lparry@stantondavis.com
- John R. Roden    johnroden@verizon.net

**Manual Notice List**

Jose A. Pacheco  
43 Hebron Street, 2nd Floor  
Springfield, MA  01107  
Debtor

JPMorgan Chase Bank, National Assoc.  
f/k/a Long Beach Mortgage Co1400 South Douglass Rd., Suite 100  
Anaheim, CA 92806  
2nd Mortgagee

Tax Collector  
City of Springfield  
36 Court St.  
Springfield, MA 01103

/s/ Amy Lipman-White  
Amy Lipman-White, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:
Jose A. Pacheco,

IN PROCEEDINGS UNDER CHAPTER 7

Case No. 10-32142-HJB

Debtor

**ORDER**

It is hereby ordered that the secured creditor, **Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-3** its successors and/or assigns ("Secured Creditor"), Motion for Relief From Automatic Stay is hereby granted and that the Secured Creditor named herein may proceed pursuant to its mortgage against the property located at **43 Hebron Street, Springfield, MA**, as recorded in the **Hampden County Registry of Deeds in Book 15386, Page 252**, by means of foreclosure, deed in lieu, loan modification, summary process and/or eviction proceedings or any other means thereafter necessary to obtain complete possession thereof, all pursuant to applicable state and federal law.

Dated:

Judge, Bankruptcy Court